IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDLAND DISTRIBUTION, INC., ) | |
| an Illinois corporation ) | Civil Action No.: |
| Plaintiff, ) | |
| V. ) | |
| CEDAR GARDEN FOOD IMPORT & EXPORT, INC., ) | |
| a Michigan corporation ) | |
| Defendant. ) | |

COMPLAINT

Plaintiff, Midland Distribution, Incorporated ("Midland") for its complaint against Defendant Cedar Garden Food Import & Export, Inc. ("Cedar Garden" or "Defendant") alleges:

PARTIES

1. The Plaintiff, Midland, is a corporation organized under the laws of the State of Illinois with its principle place of business located at 13636 Western Ave, Blue Island, Illinois 60406.

2. The Defendant, Cedar Garden, on information and belief, is a corporation organized under the laws of the State of Michigan with its principal place of business located at 41476 Pheasant Creek Dr., Canton, Michigan 48188.

JURISDICTION AND VENUE

3. This action is for federal trademark infringement, unfair competition involving claims arising under the Trademark Act of the United States commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq.; and for common law trademark infringement, injury to business reputation, deceptive trade practices, deceptive business practices and unfair competition under

1

the laws of the State of Illinois, involving claims arising under the Deceptive Trade Practices Act 815 505/2 et seq., and 510/2 et. Seq., and the common law.

4. This Court has subject matter jurisdiction over the Federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1221, and subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1332, and the doctrine of pendent jurisdiction.

5. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a), (b) and (c) as these cause of action arise, upon information and belief, as a result of the Defendant's doing and transacting business in this District, or offering to sell its products or making its products available or by promoting the infringing mark to prospective purchasers within this District, and marketing its services and products to prospective purchasers within this District.

## GENERAL FACTUAL ALLEGATIONS

### The Plaintiff's Ownership of the Trademark BALADNA.

6. Midland is a family owned business offering high quality roasted nuts and seeds as well as spices, grains and beans to consumer in markets located in much of the Midwest and East Coast under the trademark BALADNA. Midland holds the rights in United States Federal Trademark Registrations for the mark BALADNA, including Registration No. 4034246, which registration issued on the Principal Trademark Register on October 4, 2011 (Exhibit A). This registration is in full force and effect, and the BALADNA has been used continuously by plaintiff since March 03, 1998 on a variety of products, including:

    a. Dried beans, dried lentils, prepared coconut, prepared nuts, processed beans, processed chickpeas, processed edible seeds, processed nuts, shelled nuts, snack

mix consisting of primarily of processed nuts, dried fruit and also including chocolate.

7. Midland's reputation as a manufacturer of roasted nuts, seeds, spices, grains and beans has been built upon over approximately 30 years and extends throughout the United States. Midland has regularly and continually used the BALADNA mark in advertising campaigns and in the community, including through its website at zdanbrand.com. In addition, Midland has been actively involved in the community in its efforts to further promote its brand including its sponsorship of various events. As a result of these efforts, Midland's customers, and the general public, have come to recognize BALADNA products as an established brand.

8. Midland holds exclusive rights in the trademark and tradename BALADNA for the above-identified goods. The rights held by Midland include: Federal Registration rights in the mark BALADNA; Common Law rights in the trademark and tradename BALADNA through its extensive and longstanding use of the trademark and tradename BALADNA, the name in use by the Plaintiff since 1998, with the mark BALADNA shown in Registration No. 4034246.

9. Products distributed by Midland in connection with the trademark BALADNA include an extensive range of products, including the following products (Exhibit B):

> BULK NUTS PRODUCTS, including Almonds Raw 50lb, Almonds Roasted Salted 20lb, Almonds No Salt (Shiny) 20lb, Almonds Spicy 20lb, Almonds Slivered 25lb, Almonds Split 25lb, Jordan Almond 33lb, Cashew Raw 25lb, Cashew Roasted Salted 20lb, Filbert Raw 25KG, Filbert Roasted Salt 25lb, Kri Kri Original 22 lb Box, Kri Kri Sesame 22 lb Box, Kri Kri Cajun 22 lb Box, California Pistachio Natural 25lb, California Pistachio Yellow 25lb, California Pistachio No Salt 25lb, California Pistachio Spicy 25lb, California Pistachio Meat 22lb, Fancy Mix 25lb, Gourmet Mix 25lb, and Peanuts Sudani 20lb;
> PACKAGED NUTS PRODUCTS, including Almonds Raw 12/12oz, Almonds R/S 12/12oz, Almonds No Salt Shiny 12/12oz, Almonds Slivered 12/12oz, Almonds Split 12/12oz, Jordan Almonds 12/16oz, Cashew Raw 12/12oz, Cashew R/S 12/12oz, Filberts Raw 12/12oz, Filberts R/S 12/12oz, Kri Kri Original 10/12oz, Kri Kri Sesame 10/12oz, Kri Kri Cajun 10/12oz, Cali. Pist.

Natural 12/12oz, California. Pistachio Yellow 12/12oz, California Pistachio No Salt 12/12oz, California Pistachio Meat 12/12oz, Fancy Mix 12/12oz, Gourmet Mix 12/12oz, Walnut Halves 18/12oz, Coconut-Mac (Fine) 12/8oz, Coconut-Shredded (Crs) 12/8oz, and Pine Nut Chinese 12/7oz;

BULK SEEDS PRODUCTS, including Melon Seeds Special No Salt 25lb, Melon Seeds special Salt 25lb, Melon Seeds special Reg. 25lb, Melon Seeds special Lemon 25lb, MB Melon Seeds special Spicy 25lb, Melon Seeds Red Jumbo 18lb, Melon Seeds Red Med 18lb, Melon Seeds Small Roasted Salted 25lb, Melon Seeds Super Roasted Salt 25lb, Pumpkin Seeds Raw 55 lb, Squash Seeds L.N Roasted Salt 20 lb, Pumpkin Seeds No Salt 30lb, Pumpkin Seeds Roasted Salt 30 lb, Sunflower Seeds Roasted Salt 25 lb, Sunflower Seeds No Salted 25 lb, Sunflower Seeds Raw 50 lb, Sesame Seed Raw 50 lb, and Sesame Seed Roasted 20 lb;

PACKAGED SEEDS PRODUCTS, including Melon Seed Special Roasted Not Salted 24/12oz, Melon Seed Special Roasted Salted 24/12oz, Melon Seeds Special Regular 24/12oz, Melon Seeds Special Lemon 24/12oz, Melon Seed Special Hot 24/12oz, Red Melon Seeds Jumbo18/9oz, Melon Seeds Red Mdm18/10oz, Melon Seed Small Roasted Salted 18/10oz, Melon Seed Super Roasted Salt 12/12oz, Squash Seed Lady Nail Roasted Salt 18/9oz, Pumpkin Seed Unsalted18/8oz, Pumpkin Seed Roasted Salt 18/8oz, Sunflower Seeds Roasted Salted 18/8oz, Sunflower Seed No Salt 18/8oz, Sesame Seed Raw 12/12oz, and Sesame Seed Roasted 12/12oz;

BULK BEANS PRODUCTS, including Chickpeas Yellow Roasted 20 lb, Chickpeas Yellow Roasted Salted 25 lb, Chickpeas White Roasted Salt 22 lb, Jordan Chickpeas 22lb; and

PACKAGED BEANS PRODUCTS, including Chickpeas Yellow Roasted 24/12oz, Chickpeas Yellow R/S 24/12oz, Chickpeas White R/S 24/12oz, Jordan Chickpeas 12/16oz, Dry Chickpeas 12/16oz, Red Split Lentil 12/16oz, Whole Lentil Large 12/16oz, Whole Lentil Small 12/16oz, Dry Fava Bean 12/16oz, Dry Large Fava 12/16oz, Fava Split 12/16oz, TK Red Split Lentil 12/16oz, Turkish Bulgor # 1 12/16oz, Turkish Bulgor # 2 12/16oz, Turkish Bulgor # 3 12/16oz, Turkish Bulgor Dark #1 12/16oz, Whole Wheat 12/16oz, and Pearled Wheat 12/16oz.

10. By reason of Midland's extensive and continuous promotion and sale of its products in interstate commerce, Midland's trademark BALADNA has acquired substantial recognition and renown, and the relevant trade and public have come to recognize the trademark BALANDA as signifying Midland exclusively.

11. Midland's Federal registration shows the mark BALANDA associated with various lines of products disseminated or sold by Midland. The following Plaintiff's mark is the subject of valid and subsisting registration issued upon the Principal Trademark Register of the United States Patent and Trademark Office:

| MARK | REG. No. | ISSUED |
|------|----------|--------|
| BALANDA | 4034246 | October 4, 2011 |

12. The registration referenced in paragraph No. 11 for the above mark is valid, subsisting, and in full force and effect.

The Defendant's Use of BALADNA

13. Notwithstanding the Plaintiff's well-known and prior established rights in its trademark BALADNA, the Defendant has commenced using mark or name MAWASSEM BALADNA or variations thereof throughout various markets in at least Michigan, Illinois and Kentucky for sale and distribution of processed nuts, seeds, peas and beans, which product packaging prominently displays the word BALADNA in the center of the packaging (any references to Defendant's use of the mark, terms, or designations BALADNA will hereinafter include any use by Defendant of variations thereof where the mark and name BALADNA appear as a mark or as a portion of a mark). These products of Defendant could be and are sold or offered in the same or similar channels of trade, to the same or similar prospective purchasers as those of Plaintiff's products sold under the trademark and tradename BALADNA (Exhibit C -- attach sample of Defendant's package), show the Defendant's use of the mark and name BALADNA or variations thereof.

14. Defendant's use of the mark and name BALADNA or variations thereof is causing, and is likely to cause, confusion and mistake with Plaintiff's products, sold in

5

connection with the trademark and tradename BALADNA, or with the Plaintiff's business, so as to deceive consumers, the trade and others, and thereby constitutes an infringement of the Plaintiff's rights through unfair competition.

15. The Defendant has adopted and is using the mark and name BALADNA or variations thereof in commerce in association with the distribution, promotion, advertising and sale to the consuming public and trade of related types of products to those offered by the Plaintiff under its trademark and tradename BALADNA.

16. Defendant's conduct in using the marks and names BALADNA, on information and belief, for said related products to those offered by the Plaintiff causes a likelihood of confusion between products bearing Defendant's mark and name BALADNA, and the Plaintiff's products bearing Plaintiff's trademark and tradename BALADNA.

17. Upon information and belief, the marks and names BALADNA or variations thereof were selected by Defendant for the purpose of trading upon the reputation and goodwill of Plaintiff or with prior awareness of the Plaintiff's use of the mark and name BALADNA. Defendant seeks to reap where Defendant has not sown.

18. Persons familiar with Plaintiff's trademark and tradename BALADNA and the business of the Plaintiff and/or Plaintiff's advertising are likely to be confused, mistaken and/or to be deceived upon seeing Defendant's use of the mark and name BALADNA or variations thereof, Defendant's advertising for its products, or that Defendant's business is endorsed by, sponsored by, or in some way connected with Plaintiff or Plaintiff's business. Midland has already witnessed actual confusion in the market. Midland has received at least one report of actual consumer confusion. This presumably represents a small portion of consumers who may

have been confused, but never take the time to contact Midland and report the confusion caused by Defendant's use of the mark and name BALADNA.

19. Defendant's use of the mark and name BALADNA is likely to cause confusion, mistake and/or to deceive those familiar with Plaintiff, Plaintiff's trademark, and/or Plaintiff's products, and/or Plaintiff's tradename, into falsely believing the Defendant's business emanate from, or is associated with Plaintiff.

20. Defendant has, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Plaintiff as embodied in Plaintiff's mark and tradename.

21. As a result of Defendant's misappropriation, Plaintiff has been irreparably damaged and, unless Defendant's infringing activities are enjoined, the Plaintiff will continue to suffer irreparable injury to its property and goodwill.

22. Unless Defendant's unfair and infringing acts are restrained, the serious damage suffered by Plaintiff will continue to Plaintiff's irreparable harm.

23. Certain products designed or intended for sale under Defendant's mark and name BALADNA in fact move through the same or similar channels of trade or could be promoted to the same classes of prospective purchasers, or to prospective purchasers in the same industries or trade.

24. Use by Defendant of the mark and name BALADNA is without Midland's consent or permission.

25. Defendant's use of the mark and name BALADNA will result in damage and in the diminishment of sales and the loss of the value of Midland's BALADNA mark and name.

26. Upon information and belief, Defendant Cedar Garden, with knowledge of Plaintiff's trademark and tradename BALADNA and in willful disregard of Plaintiff's rights, is

engaging in a deliberate course of conduct designed to appropriate the goodwill associated with Plaintiff's trademark and tradename BALADNA. On information and belief, Cedar Garden began to offer its products in association with the mark and name BALADNA at a time long after Midland's trademark and tradename BALADNA had become a famous and well-known mark and name.

27. Defendant's use of a mark or name that is similar to the Plaintiff's trademark and name BALADNA will irreparably harm Midland by diminishing the reputation and goodwill of Plaintiff's mark and name. The public association of the trademark and tradename BALADNA with Plaintiff's processed nuts and seeds or related products is so great that the use by another of the mark and name BALADNA for processed nuts and seeds or related products will inevitably cause the trade or consumers to believe that Defendant's products are authorized, licensed, or sponsored by Midland or that its products are somehow connected with Midland.

28. Midland will be unable to police the nature and quality of goods sold by Defendant under the mark and name BALADNA. The sale by Defendant of products under the mark and name BALADNA will also blur and diminish the distinctive quality of the Plaintiff's trademark and tradename BALADNA and lessen its capacity to identify and distinguish the products of Plaintiff.

29. After learning of Defendant's use of the mark and name, Plaintiff demanded that Defendant Cedar Garden cease and desist its use of the mark and name BALADNA, as hereinabove pleaded. Defendant's principal, Mr. Osman Hajjoul, was advised on May 4, 2012 and May 18, 2012 of Plaintiff's prior use of the mark and name BALADNA (Group Exhibit D). Notwithstanding being so informed, Defendant Cedar Garden is continuing and will continue its infringing conduct unless restrained by this Court. Midland has no adequate remedy at law.

30. On July 2, 2012, Defendant through its President, agreed to remove all of its BALADNA products from retail store shelves and has since continued to operate and distribute BALADNA products without the consent of or license from Plaintiff. (Group Exhibit D).

## COUNT I

(Federal Trademark Infringement)

31. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraph 1 through 30 hereof as if set forth in full.

32. Defendant's unauthorized use in commerce of the mark or name BALADNA with respect to processed nuts and seeds or related products is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Midland's registered trademark and constitutes use of a counterfeit mark pursuant to 15 U.S.C. §§ 1114.

33. Defendant has used and is continuing to use the mark and name BALADNA with full knowledge of Midland's prior and extensive rights in the trademark and tradename BALADNA and of Midland's objection to the use thereof, and with an intent and purpose to trade upon the goodwill of Plaintiff's trademark and tradename BALADNA. The Defendant's infringement is thus willful and deliberate.

## COUNT II

(Unfair Competition Under Federal Law)

34. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-29, 31 and 32 of this Complaint as if set forth in full.

35. Defendant's unauthorized use in commerce of the mark and name BALADNA constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant

and/or its goods are made or produced, and/or its services offered, by Plaintiff, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Midland and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

36. Defendant' use in commerce of the mark and name BALADNA or variations thereof in connection with Defendant's marketing, distribution, promotion and sale to the consuming public of its products constitutes a misappropriation of the distinguishing and indentifying features which Plaintiff created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendant, based on and derived from Plaintiff's trademark and tradename BALADNA and the goodwill associated therein.

37. Defendant's use of the mark and name BALADNA or variations thereof constitutes false representations that Defendant has some connection or association with, or sponsorship by Plaintiff, and that the products indentified with Plaintiff are available from Defendant.

38. Said actions of Defendant constitutes violations of 15 U.S.C. § 1125(a) in that such false designation and representation of origin and quality are used on or in connection with the products that Defendant causes to enter into, or to affect, commerce, which may lawfully be regulated by Congress.

39. Defendant has used and is continuing to use the mark and name BALADNA with full knowledge of Plaintiff's trademark rights and after Plaintiff's objection to the use thereof, and therefore with an intent and purpose to trade upon the goodwill of Plaintiff's trademark and tradename BALADNA. Defendant's infringement is thus willful and deliberate.

## COUNT III

(Unfair Competition Under Illinois Common Law)

40. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-29, 31-32, and 34-38 hereof as if set forth in full.

41. Defendant's use of the mark and name BALADNA is being done with the intent to palm off its processed nuts and seeds or related products as originating from or having the sponsorship or approval of Plaintiff in order to trade on the goodwill created by Plaintiff in its trademark and tradename BALADNA. This use by Defendant has continued in bad faith despite Plaintiff's demand that Defendant cease and desist from such use.

42. Defendant's unauthorized use constitutes the common law tort of unfair competition, all to the injury of Plaintiff.

## COUNT IV

(Deceptive Trade Practices Under Illinois Law)

43. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-30, 31-32, 34-38, and 40-41 hereof as if set forth in full.

44. Defendant's use of the mark and name BALADNA on processed nuts and seeds and/or related products constitutes a deceptive trade practice in violation of 815 ILCS 510/2 et seq. insofar as it:

(a) passes off the Defendant's products as those of the Plaintiff Midland;
(b) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods;
(c) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff; and
(d) represents that Defendant's goods have sponsorship or approval that they do not have.

45. Defendant's acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentations and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

46. Upon information and belief, Defendant has willfully engaged in deceptive trade practices, all to the injury of Plaintiff.

## COUNT V

(Consumer Fraud and Deceptive Business Practices Act Under Illinois Law)

47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-30, 31-33, 34-39, 40-42, and 43-46 hereof as if set forth in full.

48. Defendant's acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and /or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact, all to the injury of Plaintiff.

WHEREFORE, Midland prays for judgment as follows:

1. That Defendant, its directors, officers, agents and employees, successor and assigns and all others acting in knowing consort with Defednant, be preliminarily and then permanently restrained and enjoined from:

   a. marketing, advertising, displaying, selling or distributing processed nuts and seeds and/or related products in association with the mark and name BALADNA alone or in combination with any word, design or name, or any other mark, likely to cause confusion, mistake or deception with the trademark and tradename BALADNA of Plaintiff;

   b. otherwise infringing the Plaintiff's trademark and tradename BALADNA;

   c. engaging in any other or further acts of unfair competition against Plaintiff;

   d. engaging in any deceptive trade practices in the offering of goods under the designation BALADNA or any other variation or simulation of the mark and name BALADNA;

   e. engaging in any deceptive business practice in the offering of goods under the designation BALADNA or any other variations or simulations of the Plaintiff's trademark and name BALADNA;

   f. be ordered to recall in commerce any processed nuts and seeds and/or related products in association with the mark and name BALADNA alone or in combination with any word, design or name, or any other mark, likely to cause confusion, mistake or deception with the trademark and tradename BALADNA of Plaintiff.

   g. be ordered to abandon any trademark applications filed for the mark BALADNA and any confusingly similar variations thereof, and assign to Plaintiff any domain names which include such designations.

2.  That Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements or other materials in its possession or custody and control which are within the United States of America, its territories and possessions, which display the mark and name BALADNA and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

3.  That Plaintiff be awarded the profits secured by Defendant as a result of its unlawful activities, and that said award be trebled as provided by law, or in the alternative that Plaintiff be awarded statutory damages in an amount determined by the Court for willful use of an infringing or counterfeit mark.

4.  That a constructive trust be imposed on Defendant's receivables and inventory.

5.  That Plaintiff be awarded punitive damages in such amount as the Court shall find sufficient to deter Defendant's willful unlawful conduct.

6.  That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees.

7.  That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment, a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

8.  That Midland have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

s/ David R. Sweis

David Sweis
Attorney for Plaintiff

David Sweis (ARDC # 6293914)
Sweis Law Firm, P.C.
2803 Butterfield Rd., Suite 170
Oak Brook, IL 60523
(630)575-8505